UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS

IN RE: §
§        MISC. ACTION NO. H-10-0361
HAROLD V. DUTTON, JR. §

## ORDER

    Attorney Harold V. Dutton, Jr., having filed an appeal of the recommendation by the Attorney Admissions Committee that his application for readmission to practice before the United States District Court for the Southern District of Texas should be denied, a hearing on said appeal having been held by United States District Judge Kenneth M. Hoyt, and the Court, thereafter in Executive Session, having considered said appeal,

    IT IS HEREBY ORDERED that the application of Attorney Harold V. Dutton, Jr., for readmission to practice before the United States District Court for the Southern District of Texas is DENIED.

Signed on this 27th day of May, 2011.

RICARDO H. HINOJOSA
CHIEF JUDGE

# UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF TEXAS

#### UNITED STATES COURTHOUSE

#### HOUSTON, TEXAS 77002

CHAMBERS OF
KENNETH M. HOYT

January 11, 2011

The Honorable Ricardo H. Hinojosa
Chief Judge
United States District Court
Post Office Box 5007
McAllen, TX 78502-5007

**RE:    IN RE: HAROLD V. DUTTON, JR. [MISC. ACTION. NO. H-10-0361]**

Sir:

Since my Memorandum and Recommendation to you dated January 6, 2011, concerning the 2002 renewal application of Attorney Harold V. Dutton, Jr., I have been provided with updated materials concerning his status with the State Bar of Texas. Unfortunately, this information was not provided to me when the matter was assigned and I only received it on yesterday, January 10, at the close of the day. I am unsure how this and other failures to complete these files can be avoided except through better management of information.

Nevertheless, it is clear to me that the basis for my Memorandum has become invalid due to the fact that Mr. Dutton received a public reprimand in 2005. I, therefore, withdraw my recommendation and, consequently, recommend that the Attorney Admission Committee's recommendation be Sustained.

Sincerely,

Kenneth M. Hoyt
United States District Judge

Enclosure

**Status**

| | |
|---|---|
| 7/6/09 | Received a call from Mr. Dutton as to why his membership had expired.  Told him I would pull his file and ascertain why his membership had not been renewed. |
| 7/8/09 | Review of admissions file indicates that Dutton sent in a Renewal Questionnaire in January 2002 to which was attached a Findings of Fact and Conclusions of Law and Agreed Judgment of Private Reprimand.  His Renewal was referred to Judge Lake who referred it to the Admissions Committee.  The Admissions Committee recommended denial of the Renewal and Judge Lake concurred with the Committee's recommendation.  Mr. Dutton was notified by letter dated September 26, 2002 that his admission was denied and he had a right to request a hearing before Chief Judge Kazen to show cause why his Renewal was denied.  There is no indication in the file that a request for a hearing was ever made by Mr. Dutton. Upon the completion of my review, I called Dutton to explain what I had learned. As he was not in, I left him a detailed voice message. |
| 7/9/09 | Received a call from Dutton in response to my voice message.  He informed me that the address the 9/26/02 letter was sent to was one that he hadn't been at in a number of years.  The database shows Dutton's current address.  It is unclear where Martha Welu (author of the letter) obtained the addressed that was used. Dutton asked what he could do about the situation and I explained that Judge Kazen was no longer Chief Judge, that he would have to make his request to Judge Head who was now Chief Judge.  I faxed him a copy of the 9/26/2002 letter and told him he should explain in his request for hearing that he never received the denial letter from our office and that was the reason for his delay in requesting a hearing and that he was now requesting a hearing. |

6/23/10 - NOTE: Further review of this file shows that Mr. Dutton was suspended by the State Bar of Texas in 2005 and DID NOT disclose this information to us.

# FIND A LAWYER

{ Back to Search Results }        OVERVIEW      CONTACT AND MAP



**Mr. Harold V. Dutton Jr.**

Bar Card Number:          06293050

Work Address:             2323 Caroline St Ste 1000

                          Houston, TX 77004

Work Phone Number:        713-659-5998
Primary Practice Location: HOUSTON , Texas

Current Member Status
Eligible To Practice In Texas

In cooperation with

LICENSE INFORMATION
Bar Card Number:        06293050

Texas License Date:     11/01/1991

PRACTICE INFORMATION
Firm:           Law Office of Harold V. Dutton, Jr.

Firm Size:      Solo

Occupation:     Private Law Practice

Practice Areas: Administrative and Public, Criminal, Labor-
                Employment, Litigation; Personal Injury, Wills-Trusts-
                Probate

Services Provided:  Language translation:   Yes

                    Hearing impaired translation:   Not Specified

                    ADA-accessible client service:   Yes

Law makes no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk (*) is provided by the State Bar of Texas. Texas grievance/disciplinary information will not appear on the profile until a final determination is reached. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.

LAW SCHOOLS
                                                        Graduation Date:
Texas Southern University    08/1991        Doctor of
                                            Jurisprudence/Juris
                                            Doctor (J.D.)

PUBLIC DISCIPLINARY HISTORY
State of Texas*

| Sanction | Date of Entry | Sanction Date Start - End | Probation Date Start - End |
|---|---|---|---|
| Fully Probated Suspension | 11/09/2005 | | 12/01/2005 - 11/30/2006 |

*NOTE: Only Texas disciplinary sanctions within the past 10 years are displayed. For sanction information beyond 10 years, information about a specific disciplinary sanction listed above or to request a copy of a disciplinary judgement, please contact the Office of the Chief Disciplinary Counsel at (877) 953-5535. There is a $15.00 fee for each disciplinary judgment copied.

Other States

| Sanction | State | Sanction Date Start - End |
|---|---|---|
| None Reported By Attorney | | |

Statutory Profile Last Certified On:   10/13/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| | § | MISC. ACTION NO. H-10-0361 |
| HAROLD V. DUTTON, JR. | § | |
| | § | |
| | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

### I.

This matter was randomly assigned to the undersigned on September 15, 2010, pursuant to an Order issued by Chief Judge Ricardo H. Hinojosa. Having reviewed the file and its contents, the undersigned is of the opinion that the Attorney Admissions Committee's ("AAC") recommendation and Judge Sim Lake's Decision on Admission, denying admission, should be set aside and the petitioner reinstated to practice in the Southern District of Texas ("SDTx"); or alternatively, submitted to the full Court for a vote.

### II.

The petitioner, Harold V. Dutton, Jr., was first admitted to practice in the federal court of the SDTx on March 20, 1992. He filed a renewal application on January 31, 1997, and forwarded a change of address on August 7, 1998. The Court's records do not reflect an action taken on the 1997 application. Nevertheless, on January 14, 2002, a renewal application was presented to the Court. The petitioner's 2002 renewal application indicated that the petitioner's license to practice law with the State Bar of Texas was in good standing. However, the attachment to the renewal application

1

disclosed that the petitioner had agreed to a Judgment of Private Reprimand with the Grievance Committee of the State Bar of Texas in 1999, three years earlier.

### III.

The presiding judge, Judge Sim Lake, received the petitioner's application and on February 21, 2002, observed that the petitioner had disclosed a disciplinary action. Therefore, he and referred the matter to the AAC for its evaluation. On April 22, the petitioner was notified by the Court that a current Certificate of Good Standing from the State Bar of Texas was required. That Certificate was forwarded to the Court on May 8, by the petitioner. The petitioner's application with attachment was forwarded to the AAC on May 24, 2002. On September 11, 2002, the unanimous decision of the AAC, recommending denial of the application, was returned. On September 26, the Court forwarded a letter to the petitioner informing him that his application to practice in the SDTx had been denied. However, the notice was forwarded to the petitioner's previous address at 1010 Lamar Street, Houston, Texas instead of his current address at 2323 Caroline, Houston, Texas, in spite of the fact that the Court had at all times communicated with the petitioner at his Caroline address. Therefore, the petitioner did not receive the Court's notice that his application had been denied and that he might seek a hearing and show cause why the application should, nevertheless, be granted.

The matter laid fallow until July 9, 2009, when the petitioner was notified by the Court that his 2002 application to practice law in the SDTx had been denied on September 26, 2002. In the interim, the petitioner had continued to practice before the Court without incident. The petitioner, recognizing that over seven (7) years had elapsed

since his application, nevertheless, requested a hearing on the denial of his application. That hearing was provided on October 14, 2010.

## IV.

The Court's current Rules of Discipline, effective June 19, 2007, primarily address the issues of whether an attorney should be removed or otherwise disciplined where:   (a) he/she does not meet the minimum standard(s) of practice as it relates to Texas Disciplinary Rules of Professional Conduct, (b) he/she has been convicted of a crime involving moral turpitude; (c) he/she has been disciplined by another court and fails to notify the SDTx; (d) he/she has been disbarred, suspended or resigned from another court; and, (e) he/she engages in conduct that might warrant disciplinary action.

## V.

After conducting a hearing in this matter, the undersigned is of the opinion that the petitioner's application should not have been denied in 2002.   The undersigned recognizes that it is within the discretion of the Court to permit or not attorneys to practice before it.   However, the Court's Rules then and now do not address the parameters of judicial discretion.   Nor do they address the issue of the term of a denial of an application.   It is noteworthy that at the time, the petitioner was in good standing with the State Bar of Texas.   As well, more than three (3) years had elapsed since the reprimand.   And otherwise, the petitioner's record was clear of reprimands and sanctions. The undersigned is of the opinion that since more than eight years has elapsed since the denial, and assuming that the petitioner is in good standing with the State Bar of Texas at this time and has suffered no additional reprimands or sanctions, the Chief Judge should

3

approve a renewal application in his behalf; alternatively, the matter should be presented

to the full Court for discussion and vote.

      Respectfully submitted,

SIGNED at Houston, Texas this 6th day of January, 2011.

Kenneth M. Hoyt
United States District Judge

4

```
Hrng re: Appl. f/Reinstatement
        10/14/10 at 8:00 AM
```

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:10-mc-00361 *SEALED*
### Internal Use Only

In Re: Harold V. Dutton, Jr                              Date Filed: 08/27/2010
Assigned to: Judge Kenneth M. Hoyt

**In Re**

**Harold V Dutton, Jr.**              represented by   **Harold V Dutton, Jr.**
                                                        Law Office of Harold Dutton, Jr.
                                                        2323 Caroline
                                                        Suite 1000
                                                        Houston, TX 77004
                                                        713-659-5998
                                                        Fax: 713-659-2812
                                                        PRO SE

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/27/2010 | 1 | ORDER (Signed by Chief Judge Ricardo H. Hinojosa) Parties notified. (ccassady) (Entered: 08/27/2010) |
| 09/15/2010 | 2 | ORDER Miscellaneous Hearing set for 10/14/2010 at 08:00 AM at Courtroom 11A before Judge Kenneth M. Hoyt.(Signed by Judge Kenneth M. Hoyt) Parties notified.(dpalacios, ) (Entered: 09/15/2010) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

IN RE:                              )
                                    )   MISC. NO. 10-361
HAROLD V. DUTTON, JR.               )

<u>ORDER</u>

Before the Court is the Renewal Request for Admission to Practice of Harold V. Dutton, Jr. (hereinafter "Dutton"), and after review of the matters in the above-referenced case, the undersigned is of the opinion that the case should be randomly assigned to a District Judge for the Houston Division of this Court for hearing.

Rule 83.1 of the Local Rules for the Southern District of Texas addresses admission to practice before the Court. Under said Rule, an attorney is required to reapply for membership every five years. Rule 83.1.E. specifically provides that if, after review of the application, the Court denies admission, the person not admitted may request a hearing conducted under the procedures set out by the Rules of Discipline for the Southern District of Texas. Pursuant to Rule 83.1.D., the Court has appointed a Committee on Admissions to assist in the review of attorney admissions matters.

In the initial review of Dutton's renewal application, the Committee on Admissions recommended denial of renewal and, after considering the recommendation of the Committee, Judge Sim Lake concurred with the Committee's recommendation. Dutton has the opportunity to request a hearing pursuant to Rule 83.1.E., and he has requested such a hearing.

Pursuant to Rules 5 and 10 of the Rules of Discipline for the Southern District of Texas, the undersigned hereby directs the Clerk of the Court to randomly assign this matter to a District Judge of the Houston Division for a hearing and any further necessary action upon the request for renewal consistent with the Rules of Discipline for this District. Upon assignment by the Clerk, the randomly selected District Judge may proceed with any action on the renewal application of Dutton as is consistent with the Local Rules and Rules of Discipline for the Southern District of Texas.

DONE on the 27½ day of August, 2010, at McAllen, Texas.

Ricardo H. Hinojosa
CHIEF U.S. DISTRICT JUDGE

2



To:     Ricardo Hinojosa/TXSD/05/USCOURTS,
Cc:     Hortencia Rios/TXSD/05/USCOURTS,
Bcc:
Subject:   Attorney Discipline

*6-16-10*

Judge Hinojosa:

Mr. Dutton has requested a hearing on the denial of his renewal application in the Southern District.

Background information regarding Mr. Dutton follows:

| | |
|---|---|
| March 1992 | Mr. Dutton was admitted to practice in the Southern District of Texas. |
| August 1999 | Mr. Dutton accepts the attached Agreed Judgment of Private Reprimand from the State Bar of Texas for professional misconduct. |
| March 2002 | Mr. Dutton applies for renewal and encloses disciplinary action (attached). Renewal is forwarded to Attorney Admissions Committee for review. |
| Sept. 2002 | Attorney Admissions Committee recommends denial of membership renewal.  Judge Lake concurs with Committee. |
| | Letter to Mr. Dutton advising that his renewal was denied and that he had the right to request a hearing from the Chief Judge.  **Apparently this letter was sent to the wrong address and was never received by Mr. Dutton.** |
| July 2009 | Mr. Dutton calls the Court to ascertain why his membership is not active. |
| | Mr. Dutton sends letter to Judge Head requesting hearing on his denial (attached). |

A hearing Judge needs to be appointed to review Mr. Dutton's denial of membership.  Attached is a proposed Order of Appointment.

Please let me know if you need any additional information.

Order of Appointment.wpd    Agreed Judgment of Private Reprimand.pdf    Ltr requesting hearing.pdf

Claire Cassady
Attorney Admissions Liaison
United States District Court
515 Rusk Street, Room 5401
Houston, TX 77002
713/250-5979

*✱ Sept 2002 letter FAXED to Dutton on 7.4.09*
*Fax # is unchanged*

*✱ 11/9/05 — Given fully probated*
*suspension for 1 year*

*DID NOT DISCLOSE THIS DISCIPLINE*



| | **Rhonda Hawkins/TXSD/05/USCOURTS** | To | Judith Alvarez/TXSD/05/USCOURTS@USCOURTS |
|---|---|---|---|
| | | cc | |
| | | bcc | |
| | 07/15/2009 11:55 AM | Subject | Attorney Harold V. Dutton |

Hi Judy:

Attached is a letter and other info on this attorney.  His renewal was denied and he's requesting a hearing.
Let me know if Judge Head wants me to email other copies of his file.

   

Ltr requesting hearing.pdf      chron Memo.wpd    Status Memo.wpd

Rhonda
-------------------------------------------------------------
Rhonda Hawkins
Administrative Specialist
Executive Office of U.S. District Clerk
515 Rusk Street, Room 5401
Houston, TX  77002
713/250-5979
"Success has a thousand fathers, but failure is an orphan."

**Status**

7/6/09          Received a call from Mr. Dutton as to why his membership had expired.   Told him I would pull his file and ascertain why his membership had not been renewed.

7/8/09          Review of admissions file indicates that Dutton sent in a Renewal Questionnaire in January 2002 to which was attached a Findings of Fact and Conclusions of Law and Agreed Judgment of Private Reprimand.  His Renewal was referred to Judge Lake who referred it to the Admissions Committee.  The Admissions Committee recommended denial of the Renewal and Judge Lake concurred with the Committee's recommendation.  Mr. Dutton was notified by letter dated September 26, 2002 that his admission was denied and he had a right to request a hearing before Chief Judge Kazen to show cause why his Renewal was denied.  There is no indication in the file that a request for a hearing was ever made by Mr. Dutton. Upon the completion of my review, I called Dutton to explain what I had learned. As he was not in, I left him a detailed voice message.

7/9/09          Received a call from Dutton in response to my voice message.  He informed me that the address the 9/26/02 letter was sent to was one that he hadn't been at in a number of  years.  The database shows Dutton's current address.  It is unclear where Martha Welu (author of the letter) obtained the addressed that was used. Dutton asked what he could do about the situation and I explained that Judge Kazen was no longer Chief Judge, that he would have to make his request to Judge Head who was now Chief Judge.  I faxed him a copy of the 9/26/2002 letter and told him he should explain in his request for hearing that he never received the denial letter from our office and that was the reason for his delay in requesting a hearing and that he was now requesting a hearing.

**Law Office of**
# HAROLD V. DUTTON, JR.
Attorney At Law
1000 The Houston Building
2323 Caroline
Houston, Texas 77004

**HAROLD V. DUTTON, JR.**
Member, Texas House of Representatives

(713) 659-5998/Telephone
(713) 659-2812/Facsimile

July 9, 2009

Honorable Judge Hayden Head
United States District Court
515 Rusk, Rm. 5401
Houston, Texas 77002

Re: Denial of Admission—Harold V. Dutton, Jr.

Dear Chief Judge Head:

Sometime in 2002, I applied for renewal of my application for Admission to Practice in
the United States District Court, Southern District of Texas. Although I continued to
practice in the Southern District courts, I was just advised today by fax that a letter dated
September 26, 2002, was alleged to have been sent to me denying my renewal
application. Quite frankly, the letter was apparently was sent to an incorrect address and I
never received such letter. The address on the letter was a former office address that had
been vacated almost three or four years before my renewal application was tendered. On
my renewal application, I listed the correct address on the application and since that time
I have received other mail from the Southern District mail at my correct address.

The September 26 letter indicated that I could request a hearing on the denial of the
application for Admission to Practice. I realize it has been close to seven years but I
would respectfully request a hearing on the denial of renewal application.

If there are other questions, please contact the undersigned.

Respectfully submitted,

HAROLD V. DUTTON, JR.
/me

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
P.O. BOX 61010
HOUSTON, TEXAS  77208

**MICHAEL N. MILBY**
CLERK OF COURT

ww.txs.uscourts.gov
713-250-5371

September  26, 2002

Harold V. Dutton, Jr.
Law Office of Harold V Dutton, Jr.
1010 Lamar, Suite 1300
Houston, TX.  77002

Dear  Mr. Dutton:

In accordance with Local Rule 83.1, your application for Admission to Practice in the United States District Court, Southern District of Texas has been denied.

You may request a hearing to show why this application was not granted.  The hearing will be conducted under the procedures for disciplinary matters.  This request should be made in letter form to Chief Judge George P. Kazen and it should be sent to the U. S. District Court, Houston Division to the attention of the Attorney Admission Office.  They will promptly forward your letter with a copy of your file to Chief Judge George P. Kazen.

MICHAEL N. MILBY, Clerk

Martha Welu
Operations Manager

# MEMORY TRANSMISSION REPORT

|  |  |  |
|---|---|---|
| TIME | : | 2009-JUL-09  03:11PM |
| TEL NUMBER | : | 713-250-5014 |
| NAME | : | U S DISTRICT COURT |

| FILE NUMBER | : | 820 |
|---|---|---|
| DATE | : | JUL-09 03:10PM |
| TO | : | 97136592812 |
| DOCUMENT PAGES | : | 001 |
| START TIME | : | JUL-09 03:10PM |
| END TIME | : | JUL-09 03:11PM |
| SENT PAGES | : | 001 |
| STATUS | : | OK |

| FILE NUMBER | : 820 | *** SUCCESSFUL TX NOTICE *** |
|---|---|---|

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
P.O. BOX 61010
HOUSTON, TEXAS  77208

MICHAEL N. MILBY
CLERK OF COURT

www.txs.uscourts.gov
713-250-5371

September 26, 2002

Harold V. Dutton, Jr.
Law Office of Harold V Dutton, Jr.
1010 Lamar, Suite 1300
Houston, TX. 77002

Dear  Mr. Dutton:

In accordance with Local Rule 83.1, your application for Admission to Practice in the United States District Court, Southern District of Texas has been denied.

You may request a hearing to show why this application was not granted. The hearing will be conducted under the procedures for disciplinary matters. This request should be made in letter form to Chief Judge George P. Kazen and it should be sent to the U. S. District Court, Houston Division to the attention of the Attorney Admission Office. They will promptly forward your letter with a copy of your file to Chief Judge George P. Kazen.

MICHAEL N. MILBY, Clerk

Martha Welu
Operations Manager

United States District Court
Southern District of Texas

## COMMITTEE ON ADMISSIONS RECOMMENDATION

APPLICANT:   Harold V. Dutton, Jr.

Referred to Committee on Admissions on February 20, 2002 by   Sim Lake.
Date                    Judge

### Recommendation of Committee

Recommend denial, based on the unanimous response of the members.
Recommendation

### Decision on Admission

☐   Admission GRANTED      ☑  Admission DENIED

Remarks:_____

_____

_____

Signed this   _18th_   day of September, 2002

SIM LAKE
United States District Judge

# EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C.

ATTORNEYS AT LAW

WELLS FARGO PLAZA
1000 LOUISIANA, SUITE 5400
HOUSTON, TEXAS 77002-5013
713.750.3100
FAX: 713.750.3101
EBGLAW.COM

DIRECT:
713-750-3177
ASADBERRY@EBGLAW.COM

September 11, 2002

**Via Fax: 713-250-5441**
Ms. Martha Welu
Operations Manager
United States District Court
P.O. Box 61010
Houston, Texas 77208`

     Re:    Harold V. Dutton, Jr.– Attorney Admissions Committee, United States Court for the Southern District of Texas

Dear Ms. Welu:

    The Committee's response to Harold Dutton's application is to recommend denial, based on the unanimous response of the members.

Yours sincerely,

Anthony J. Sadberry

AJS:sdg

cc:  **Via Fax: 361-883-05006**
    Richard W. Crews

    **Via Fax: 956-783-0998**
    Oscar Vega

    **Via Fax: 713-632-8002**
    R. Paul Yetter

    **Via Fax: 713-615-5400**
    D. Gibson Walton





# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
P.O. BOX 61010
HOUSTON, TEXAS 77208

**MICHAEL N. MILBY**
**CLERK OF COURT**

www.txs.uscourts.gov
713-250-5371

May 24, 2002

Anthony Sadberry
Wickliff & Hall
Wells Fargo Plaza
1000 Louisiana, Suite 5400
Houston, Texas 77002-5013

R. Paul Yetter
Yetter and Warden
600 Travis, Suite 3800
Houston, Texas 77002

Richard W. Crews
Brin & Brin
1202 Third Street
Corpus Christi, Texas 78404

D. Gibson Walton
Vinson & Elkins
1001 Fannin, Suite 2300
Houston, Texas 77002-6760

Oscar Vega
1401 W. Polk Avenue
Pharr, Texas 78577

RE: Harold V. Dutton, Jr.

Dear  Committee on Admissions Member:

Enclosed is a packet that includes a copy of the referral to the Committee on Admissions signed by Judge Sim Lake,  Renewal Application to Practice with attachments, dated January 14, 2002, initial Application to Practice, Renewal Application dated January 31, 1997 and a Certificate of Good Standing from the State Bar of Texas.

If I can be of any assistance or if you need any further information, please feel free to call me.


MICHAEL N. MILBY, Clerk

Martha Welu
Operations Manager


Enclosures

Attorney Admissions
Cover Sheet for Judicial Review

APPLICANT: *Harold V. Dutton, Jr.*

☐ Lives out of this district.

☐ Requests a waiver of the admissions workshop requirement.

☐ Requests permission to substitute a nonresident attorney reference.

☐ Requests that the application be a renewal of membership.
   Membership Expired _____   Last Address Update _____

☑ Discloses a disciplinary action.

☐ Other: _____

   Remarks: _____
   _____

References are:

☐ resident members   ☐ non-resident members

☐ non-members - membership has been verified with the _____ District of _____.

Remarks: _____
_____

REPLY

☐ Admitted        ☐ Denied        ☑ Refer to Committee on Admissions

Remarks: _____
_____
_____

*February 21, 2002*                    _____
Date                                    United States District Judge

# STATE BAR OF TEXAS



*Office of The Chief Disciplinary Counsel*

May 7, 2002

Re:   **HAROLD V. DUTTON JR.;**
 **State Bar Number- 06293050**

To Whom It May Concern:

This is to certify that HAROLD V. DUTTON JR. was licensed to practice law in Texas on November 1, 1991 and is an active member in good standing with the State Bar of Texas.

"Good standing" means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

*Dawn Miller*

Dawn Miller
Chief Disciplinary Counsel

DM/dtt



*P. O. Box 12487, Capitol Station, Austin, Texas 78711-2487, (512)463-1463*

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

## RENEWAL QUESTIONNAIRE FOR ADMISSION TO PRACTICE

1.  **Name:** Harold V. Dutton, Jr.

2.  **Firm:** Law Office of Harold V. Dutton, Jr.

3.  **Firm Address:** 2323 Caroline

    Houston, TX 77004

4.  **County:** Harris County, Texas

5.  **Business Telephone:** 713-659-5998

6.  **Business Facsimile:** 713-659-2812

7.  **State Bar of Texas Number:** 06293050

8.  **Board Certifications:** NONE

9.  If after your admission to the bar of this court you have been (a) disciplined by a
    bar or a court or (b) charged with or convicted of a serious crime as defined in
    Rule 2.A. of the Rules of Discipline, on a separate page please describe in full and
    attach a certified copy of the final action.

1/14/02
_____
Date

_____
Signature of Applicant

BEFORE THE GRIEVANCE COMMITTEE FOR STATE BAR
DISTRICT NO. 04E, THE STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMPLAINT AGAINST | X | |
| | X | |
| HAROLD V. DUTTON, JR. | X | NO. H0059818327 |
| | X | |
| HOUSTON, TEXAS | X | |

## AGREED JUDGMENT OF PRIVATE REPRIMAND

A complaint was docketed by the Grievance Committee for State Bar District No. 04E, State Bar of Texas, against **HAROLD V. DUTTON, JR.**, Texas Bar Number 06293050, (hereinafter called "Respondent") a licensed attorney and member of the STATE BAR OF TEXAS, residing or maintaining an office in Houston, Harris County, Texas, by Wilhemina L. Williams, as Complainant, alleging certain acts of professional misconduct on the part of the Respondent which occurred in Harris County, Texas.

The Grievance Committee and the Respondent lawyer have signed *Findings of Facts and Conclusions of Law* on file herein, and said findings and conclusions support a *Judgment of Private Reprimand* herein, and by reasons of said findings and conclusions the Committee is of the opinion that Respondent is guilty of professional misconduct and should be reprimanded.

It is **AGREED** and **ORDERED** that Respondent shall pay Two Thousand Three Hundred Thirty Four Dollars and Fifty Cents

($2,334.50) in restitution to Wilhemina Williams on or before August 31, 1999.  For monitoring purposes, this restitution should be made payable to Wilhemina Williams and should be mailed to the attention of Tammye S. Curtis Jones, Office of the General Counsel, State Bar of Texas, 1111 Fannin, Suite 1370, Houston, Texas, 77002.  This payment should be made via certified or cashier's check.

It is further **AGREED** and **ORDERED** that Respondent shall pay One Thousand and No/100 Dollars ($1000.00) in attorneys' fees to the State Bar of Texas on or before August 31, 1999.  This payment should be mailed to Tammye S. Curtis-Jones, Office of the General Counsel, State Bar of Texas, 1111 Fannin, Suite 1370, Houston, Texas, 77002.  This payment should be made via certified or cashier's check.

All attorneys' fees, costs, and restitution amounts ordered herein are due to the misconduct of the attorney and are assessed as a part of the sanction in accordance with Rule 1.06(t) of the Texas Rules of Disciplinary Procedure.  Interest shall accrue on the attorneys' fees and court costs from the date the attorneys' fees and court costs are due at the rate of ten percent (10%) per annum until paid.

Respondent consents to the rendition and entry of this *Judgment* and having his acknowledgment to the *Findings of Fact and Conclusions of Law* taken in accordance with the provision of the STATE BAR RULES.

This reprimand shall remain confidential as to the identity of the reprimanded attorney except that, in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE copies of this reprimand shall be forwarded to the General Counsel of the STATE BAR OF TEXAS.

Respondent further **AGREES** that this Judgment may be made public for purposes of enforcement or contempt should Respondent fail or refuse to comply with any terms or conditions as stated herein.

SIGNED this _____ day of _____, 19___.

GRIEVANCE COMMITTEE
DISTRICT NO. 04E
STATE BAR OF TEXAS

BY:_____
Phillip R. Livingston
Chairperson

## CONSENT TO GRIEVANCE COMMITTEE JUDGMENT

In connection with the charges of professional misconduct filed against me and heard by your Committee, I hereby consent to entry of Judgment.

SIGNED this _____ day of _____, 19 ___.

HAROLD V. DUTTON, JR.
State Bar No.06293050

STATE OF TEXAS                     X
                                   X
COUNTY OF _____            X

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared **HAROLD V. DUTTON, JR.**, known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that the same was executed for the purposes and considerations therein expressed.

GIVEN UNDER my hand and seal of office this _____ day of _____, 19 ___.

Notary Public in and for
the State of Texas

_3/26/2002_
My Commission Expires

_Zenobia D. Garner_
Printed Name of Notary

BEFORE THE GRIEVANCE COMMITTEE FOR THE STATE BAR
DISTRICT NO.04E, THE STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMPLAINT AGAINST | X | |
| | X | |
| HAROLD V. DUTTON, JR. | X | NO. H0059818327 |
| | X | |
| HOUSTON, TEXAS | X | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A complaint was docketed by the Grievance Committee for State Bar District No.04E, STATE BAR OF TEXAS, against **HAROLD V. DUTTON, JR.**, Texas Bar Number 06293050, (hereinafter called "Respondent") a licensed attorney and member of the STATE BAR OF TEXAS, residing or maintaining an office in Houston, Texas, Harris County, by **WILHEMINA L. WILLIAMS**, (hereinafter called "Complainant"), alleging certain acts of professional misconduct on the part of the Respondent which occurred in Harris County, Texas. A Panel of the Committee has conducted a hearing on this complaint and having considered all of the evidence submitted, has on June 24, 1999 made the following findings of fact and conclusions of law:

I.

### FINDINGS OF FACT

Respondent is an attorney licensed to practice law in Texas and is a member of the STATE BAR OF TEXAS.

The Chief Disciplinary Counsel of the STATE BAR OF TEXAS has incurred reasonable attorney fees and direct expenses associated

with the proceedings of this matter, which should be paid by Respondent.

In or around June 1994, Complainant contacted Respondent to obtain an accident report relating to her daughter's fatal accident. Complainant did not enter into a written contract with Respondent and did not orally contract with Respondent to represent her at that time. Thereafter, Respondent obtained $35,000.00 in funds on the case and collected a 40% fee on that sum. The money as for the Complainant's mother's insurance policy that she had on Complainant's deceased daughter.

During the representation, Respondent discussed information about the case with people other than those privileged to such information, thereby violating the attorney-client privilege.

On several occasions the Complainant requested a copy of her file and received no response from Respondent. In January 1997, Complainant received part of her file, but not the entire file as requested. Thereafter, on or around February 25, 1997, Respondent was terminated as Complainant's counsel at which time Complainant again requested her complete file. Respondent failed to provide Complainant a copy of her file and failed to provide a copy to Complainant's new attorney.

Respondent's authority to sign settlement checks was revoked by Complainant in 1997. Thereafter, in March 1998, when Respondent did not have authority to do so, he signed the Complainant's name to settlement checks.

Respondent informed Complainant that the settlement funds referenced above were wired to his account when, in fact, they were not wired to Respondent's account but Respondent deposited the check in his account. Respondent was dishonest in his conduct with Complainant.

A dispute arose over the accounting of the settlement funds. Respondent did not separate the funds in dispute but rather took his fee after it was disputed and charged for expenses after those were disputed also. Respondent failed to render a full accounting of the settlement funds to Complainant.

## II.

## CONCLUSIONS OF LAW

The foregoing findings of fact support a violation of Rule(s) 1.02(a)(1) for failing to abide by a client's decisions concerning the objectives and general methods of representation; 1.04(d) for entering into a contingent fee agreement prohibited by paragraph (e) or other law, and/or failing to enter into a written

contingency fee agreement that states the method by which the fee is to be determined; **1.05(1)(I)** for revealing confidential information of a client or a former client to a person that the client has instructed is not to receive the information; **1.05(1)(ii)** for revealing confidential information of a client or a former client to anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm; **1.14(b)** for failing, upon receiving funds or other property in which a client or third person has an interest, to promptly notify the client or third person and render a full accounting upon request; **1.14(c)** for failing to keep funds or other property in which both the lawyer and another person claim interests separate until there is an accounting and severance of their interests; **1.15(d)** for failing, upon termination of representation, to reasonably protect a client's interests, give notice to the client to seek other counsel, or surrender papers and property which belongs to the client; and **8.04(a)(3)** for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, Article X, Section 9, STATE BAR RULES, effective January 1, 1990.

**SIGNED** this 18<u>th</u> day of _August_ , 19 96 .

GRIEVANCE COMMITTEE
DISTRICT NO. 04E
STATE BAR OF TEXAS

BY: _____
Phillip R. Livingston
Chairperson

## CONSENT TO FINDINGS OF FACT AND CONCLUSIONS OF LAW

In connection with the charges of professional misconduct filed against me and heard by your Committee, I hereby acknowledge the entry of Findings of Fact and Conclusions of Law.

SIGNED this _____ day of _____, 19___.

_____
HAROLD V. DUTTON, JR.
State Bar No. 06293050


STATE OF TEXAS                    X
                                  X
COUNTY OF _____           X

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared HAROLD V. DUTTON, JR., known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that he executed same for the purposes and considerations therein expressed.

GIVEN UNDER my hand and seal of office this _____ day of _____, 19___.

_____
Notary Public in and for the
State of Texas

_____3/26/2002_____
My commission expires

_____
Zenobia D. Garner
Printed name of Notary

3/20/92

PO# 15706
CK# 129734
Rec# 129734

wkshp

# UNITED STATES DISTRICT COURT
## FOR THE
### SOUTHERN DISTRICT OF TEXAS

APPLICATION FOR ADMISSION  Fed ID # 13940

1. Name: **Harold V. Dutton, Jr.**

2. Date and place of birth: **2/17/45 - Houston, Tx.**

3. Firm Name: **Hardy, Milutin and Johns**

4. Business Address: **909 Fannin - Suite 500**
   **Houston, Tx 77010**

5. Business Telephone **(713) 222-0381**

6. Home address: **2918 Cordon**

7. Home telephone: **(713) 674-5915**

8. Are you a member of the bar of any other United States District Court? **NO**

   List all courts to which you have been admitted to practice with dates of admissions: _____

   _____

   _____

9. Are you a member in good standing of the State Bar of Texas?
   **Yes**

10. State Bar Number: **06293050**

11. Are you a Board Certified Specialist? If so, state place, nature, and date of specialization: **NO**

12. Have you ever been disciplined, disbarred, or resigned from the bar of any court of the United States, the District of Columbia, or any state, territory, commonwealth, or possession of the United States? **NO**

    If so, give a full recitation of the date, the nature of the disciplinary action, the place the action was brought, the authority bringing the disciplinary action, the disposition of it, and a certified copy of the judgment or court order accepting disbarment, consent or resignation, or disciplinary action. **N/A**

    _____

    _____

13. Are you a resident practitioner in this District? __NO__ .

14. If a resident practitioner, what is your present office address if different from Item 4 above? _____

_____

15. If not native born, give date and place of naturalization:
_____ N/A _____

16. Attach a copy of bar card or Certificate of Good Standing from the State Bar of Texas showing admission to practice in the State of Texas.

17. Attach a copy of a certificate or other evidence showing admission to practice before any court(s) listed above.

18. Have you ever been charged with or convicted of a "serious crime", which includes, but is not limited to, any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime in the jurisdiction where the judgment was entered, involves moral turpitude, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft or an attempt or a conspiracy or solicitation of another to commit a "serious crime"? __NO__

_____

19. Attach letters from two members of the Bar of the United States District Court for the Southern District of Texas, containing their business address and telephone number, which state the following in separate paragraphs:

a. Applicant's name.

b. That the author is a member of the Bar of the United States District Court for the Southern District of Texas and his Southern District of Texas federal identification number.

c. That the author is not related to the applicant.

d. That the author has personally known the applicant for at least three months, or otherwise that the author knows the applicant and his or her character well.

e. That the author has examined and reviewed the applicant's sworn questionnaire and all attachments and that the answers therein are true and correct to the best of author's belief and knowledge.

f.   That the author believes applicant possesses all
qualifications required for admission to the Bar
of this Court, and that applicant's private and
professional character and standing are good.

20.   I swear that I:  Have become familiar with the Federal Rules
of Civil and Criminal Procedure ("Federal Rules") and the
Local Rules of the United States District Court for the
Southern District of Texas ("Local Rules"); Have become
familiar with practice under those rules; and, have attended
or will attend a course of instruction on the Federal Rules
and do attach (or will submit) evidence of this attendance.
The exception of the attendance provision to a course of
instruction and exemption from the Item 21 provision is as
follows:

a.   Applicants who have reached the age of seventy are
exempt from mandatory attendance at the Admissions
Workshop.

b.   Applicants who reside or office outside the district
and are members in good standing of another United
States District Court are exempt from Workshop
attendance by furnishing a "Certificate of Good
Standing" from the United States District Court of
membership.

21.   I further acknowledge that by signing this application for
admissions to practice before the Bar of this Court in the
Southern District of Texas, I will accept no more than one
pro bono appointment within any 12 month period.

_____
Applicant

1-27-92
_____
Date

STATE OF _TEXAS_

COUNTY OF _HARRIS_

The foregoing answers were, by the aforesaid applicant, duly subscribed
and sworn to before me, the undersigned authority, this **27th** day of
_JANUARY_____, 19 **92** .



M. DARLAYNE GUERRANT
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
NOV. 8, 1992

_____
Notary Public in and for
_HARRIS_ County, Texas

# HARDY, MILUTIN & JOHNS

## ATTORNEYS AT LAW

500 TWO HOUSTON CENTER

909 FANNIN AT McKINNEY

## HOUSTON, TEXAS 77010

G. P. HARDY, III
PARTNER

(713) 222-0381

January 28, 1992

Mr. Jesse Clark
U. S. District Clerk
P. O. Box 61010
Houston, Texas 77208

      **RE:** **HAROLD V. DUTTON, JR.**
           **Admission** to the Bar of the
           Southern District of Texas

Dear Mr. Clark:

    Harold V. Dutton, Jr. is applying for admission to the Bar of the Southern District of Texas.

    I am a member in good standing of the Bar of the United States District Court for the Southern District of Texas. My Federal Identification Number is 6494. I am a resident of this district, maintain my office in the State of Texas, and practice before the United States District Court for the Southern District of Texas.

    I am not related to Harold V. Dutton, Jr. and have personally know him for more than two years. I have examined and reviewed Mr. Dutton's application and all of its attachments and believe the answers therein are true to the best of my belief and knowledge.

    I believe Mr. Dutton possesses all the qualifications required for admission to the Bar of this Court and that he is competent to practice before this Court. His private and professional character and standing are good.

    If any additional information is required, please do not hesitate to contact me.

                    Very truly yours,

                    G. P. Hardy, III

GPH:dg

### JAMAIL & KOLIUS
ATTORNEYS AT LAW
3300 ONE ALLEN CENTER
500 DALLAS STREET
HOUSTON, TEXAS 77002-4793
(713) 651-3000
FAX (713) 651-1957

JOSEPH D. JAMAIL
GUS KOLIUS
DAVID J. BEEBOUT
JANET EVANS
FRANK M. STAGGS, JR.
SUSAN ROEHM

DAHR JAMAIL
RANDALL A. HOPKINS

NAT B. KING
COUNSEL

January 28, 1992

RE:   Harold V. Dutton, Jr.

Mr. Jesse Clark
U. S. District Clerk
P. O.   Box 61010
Houston, Texas   77208

Dear Mr. Clark:

I have recently learned of the application for admission to the Bar of the Southern District of Texas filed by Harold V. Dutton, Jr.

I am a member in good standing of the Bar of the United States District Court for the Southern District of Texas.  My federal identification number is 1364.  I am a resident of this district, maintain my office in the State of Texas, and practice before the United States District Court for the Southern District of Texas.

I am not related to Harold V. Dutton, Jr., and have personally known him for more than two years.  I have examined and reviewed Mr. Dutton's application, with attachments and believe the answers therein are true to the best of my knowledge and belief.

I believe Mr. Dutton possesses all the qualifications required for admission to the Bar of this Court and believe he is competent to practice before this Court.  His private and professional character and standing are good.

If any additional information is required, please do not hesitate to contact me.

Very truly yours,

JJ:dd



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

)
)
) .

O A T H

I do solemnly swear (or affirm) that I will discharge
the duties of an attorney and counselor of this Court
faithfully; that I will demean myself uprightly and
according to the law and the recognized standards of
ethics of the profession; and that I will support and
defend the Constitution of the United States. So help
me God.

DATED this 20th day of March , 19 92

_____
Signed

HAROLD V. DUTTON, JR.
Name

4432 Rawley
Address

Houston, TX  77020

OATH ADMINISTERED

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

Southern     District of Texas

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

**RENEWAL QUESTIONNAIRE FOR ADMISSION TO PRACTICE**

1.   Name:   Harold V. Dutton, Jr.

2.   Firm:   Law Office of Harold V. Dutton, Jr.

3.   Firm Address:   1010 Lamar, Suite 1300

     Houston, Texas 77002

4.   County:   Harris County, Texas

     United States District Court
     Southern District of Texas
     ENTERED
     [FEB 0 3 1997

     Michael N. Milby, Clerk of Cour

5.   Business Telephone:   (713) 522-6454

6.   Business Facsimile:   (713) 739-1033

7.   State Bar of Texas Number:   06293050

8.   Social Security Number:   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

9.   Certifications:   N/A

10.  If after your admission to the bar of this court you have been (a) disciplined
     by a bar or a court or (b) charged with or convicted of a serious crime as
     defined in Rule 2.A. of the Rules of Discipline, on a separate page please
     describe in full and attach a certified copy of the final action.

     1-31-97
     Date                           Signature of Applicant

SDTX AA-2 (11/96)

**Law Office of**
# HAROLD V. DUTTON, JR.
**Attorney At Law**
**1000 The Houston Building**
**2323 Caroline**
**Houston, Texas 77004**

**HAROLD V. DUTTON, JR.**
Member, Texas House of Representatives

(713) 659-5998/Telephone
(713) 659-2812/Facsimile

May 8  2002

**Via C\'RRR # 7001 2510 0001 7638 0962**
**and Regular U. S. Mail**
Martha Welu
Operations Manager
United States District Court
P.O. Box 61010
Houston, Texas 77208

　　　　Re: Certificate of Good Standing----Harold V. Dutton, Jr.

Dear Ms. Welu:

As requested in your letter dated April 22, 2002, I have enclosed the Original of the Certificate of Good Standing from the State Bar of Texas.

Thank you for your assistance and cooperation. However, if you desire further information, please advise.

Best regards,

HAROLD V. DUTTON, JR.
/me
Enclosure

# STATE BAR OF TEXAS



*Office of The Chief Disciplinary Counsel*

May 7, 2002

Re:  **HAROLD V. DUTTON JR.;**
**State Bar Number- 06293050**

To Whom It May Concern:

This is to certify that HAROLD V. DUTTON JR. was licensed to practice law in Texas on November 1, 1991 and is an active member in good standing with the State Bar of Texas.

"Good standing" means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving  professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

Dawn Miller
Chief Disciplinary Counsel

DM/dtt



*P. O. Box 12487, Capitol Station,  Austin, Texas 78711-2487, (512)463-1463*



# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
P.O. BOX 61010
HOUSTON, TEXAS  77208

**MICHAEL N. MILBY**
**CLERK OF COURT**

ww.txs.uscourts.gov
713-250-5371

April 22, 2002

Harold V. Dutton, Jr.
Attorney at Law
2323 Caroline
Houston, TX  77004

Dear   Mr. Dutton:

Your application has been referred to the Committee on Admissions.

You will need to provide a current Certification of Good Standing from the State Bar of Texas.

If the requested documentation is not received within 30 days, your application will be considered withdrawn.

After the committee has acted on your application,  you will be notified of it's findings.

If you have any questions regarding this matter, please feel free to contact me.

MICHAEL N. MILBY, Clerk

Martha Welu
Operations Manager

# Attorney Admissions
## Cover Sheet for Judicial Review

APPLICANT: _HAROLD V. DUTTON, JR._

- ☐ Lives out of this district.
- ☐ Requests a waiver of the admissions workshop requirement.
- ☐ Requests permission to substitute a nonresident attorney reference.
- ☐ Requests that the application be a renewal of membership.
  Membership Expired _____     Last Address Update _____
- ☑ Discloses a disciplinary action.
- ☐ Other: _____

  Remarks: _____
  _____
  _____

References are:

☐ resident members     ☐ non-resident members

☐ non-members - membership has been verified with the _____ District of _____.

Remarks: _____
_____

### REPLY

☐ Admitted     ☐ Denied     ☑ Refer to Committee on Admissions

Remarks: _____
_____
_____
_____

_FEBRUARY 21_ 2002 .
Date

_____
United States District Judge

**Law Office of**
# HAROLD V. DUTTON, JR.
**Attorney At Law**
**1000 The Houston Building**
**2323 Caroline**
**Houston, Texas 77004**

**HAROLD V. DUTTON, JR.**
Member, Texas House of Representatives

Michael N. Milby, Clerk of Court    (713) 659-5998/Telephone
                                    (713) 659-2812/Facsimile
**RECEIVED**

February 15, 2002

FEB 2 0 2002

Attorney Admissions
United States District Court
P.O. Box 61010
Houston, Texas 77208-1010

Southern District of Texas
Houston, Texas

Re: Admission Renewal-Harold V. Dutton, Jr.
Fed.I.D. No. 13940/SBOT No. 06293050

Dear Admissions Clerk:

Please find enclosed the completed renewal questionnaire for the Attorney Harold V.
Dutton, Jr. I have also enclosed a certified copy of the final action of the only discipline
by the State Bar of Texas that I received after my admission to practice in the Southern
District. I would respectfully request an opportunity to provide further details on the
extenuating circumstances surrounding this final action discipline, particularly before any
consideration based upon the discipline is made.

Thank you for your assistance and cooperation.

Best regards,

HAROLD V. DUTTON, JR.
/nte
attorney admission/soudist

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

### RENEWAL QUESTIONNAIRE FOR ADMISSION TO PRACTICE

1. **Name:** Harold V. Dutton, Jr.

2. **Firm:** Law Office of Harold V. Dutton, Jr.

3. **Firm Address:** 2323 Caroline

   Houston, TX 77004

4. **County:** Harris County, Texas

5. **Business Telephone:** 713-659-5998

6. **Business Facsimile:** 713-659-2812

7. **State Bar of Texas Number:** 06293050

8. **Board Certifications:** NONE

9. If after your admission to the bar of this court you have been (a) <u>disciplined</u> by a bar or a court or (b) charged with or convicted of a serious crime as defined in Rule 2.A. of the Rules of Discipline, on a separate page please <u>describe in full and attach a certified copy of the final action.</u>

1/14/02
**Date**

_____
**Signature of Applicant**

BEFORE THE GRIEVANCE COMMITTEE FOR STATE BAR
DISTRICT NO. 04E, THE STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMPLAINT AGAINST | X | |
| | X | |
| HAROLD V. DUTTON, JR. | X | NO. H0059818327 |
| | X | |
| HOUSTON, TEXAS | X | |

## AGREED JUDGMENT OF PRIVATE REPRIMAND

A complaint was docketed by the Grievance Committee for State
Bar District No. 04E, State Bar of Texas, against **HAROLD V. DUTTON,
JR.**, Texas Bar Number 06293050, (hereinafter called "Respondent")
a licensed attorney and member of the STATE BAR OF TEXAS, residing or
maintaining an office in Houston, Harris County, Texas, by
Wilhemina L. Williams, as Complainant, alleging certain acts of
professional misconduct on the part of the Respondent which
occurred in Harris County, Texas.

The Grievance Committee and the Respondent lawyer have signed
*Findings of Facts and Conclusions of Law* on file herein, and said
findings and conclusions support a *Judgment of Private Reprimand*
herein, and by reasons of said findings and conclusions the
Committee is of the opinion that Respondent is guilty of
professional misconduct and should be reprimanded.

It is **AGREED** and **ORDERED** that Respondent shall pay Two
Thousand Three Hundred Thirty Four Dollars and Fifty Cents

($2,334.50)in restitution to Wilhemina Williams on or before August 31, 1999.  For monitoring purposes, this restitution should be made payable to Wilhemina Williams and should be mailed to the attention of Tammye S. Curtis Jones, Office of the General Counsel, State Bar of Texas, 1111 Fannin, Suite 1370, Houston, Texas, 77002.  This payment should be made via certified or cashier's check.

It is further **AGREED** and **ORDERED** that Respondent shall pay One Thousand and No/100 Dollars ($1000.00) in attorneys' fees to the State Bar of Texas on or before August 31, 1999.  This payment should be mailed to Tammye S. Curtis-Jones, Office of the General Counsel, State Bar of Texas, 1111 Fannin, Suite 1370, Houston, Texas, 77002.  This payment should be made via certified or cashier's check.

All attorneys' fees, costs, and restitution amounts ordered herein are due to the misconduct of the attorney and are assessed as a part of the sanction in accordance with Rule 1.06(t) of the Texas Rules of Disciplinary Procedure.  Interest shall accrue on the attorneys' fees and court costs from the date the attorneys' fees and court costs are due at the rate of ten percent (10%) per annum until paid.

Agreed Judgment of Private Reprimand
H0059818327 Williams - Dutton
G:\2DUTT327.JUD

Respondent consents to the rendition and entry of this *Judgment* and having his acknowledgment to the *Findings of Fact and Conclusions of Law* taken in accordance with the provision of the STATE BAR RULES.

This reprimand shall remain confidential as to the identity of the reprimanded attorney except that, in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE copies of this reprimand shall be forwarded to the General Counsel of the STATE BAR OF TEXAS.

Respondent further **AGREES** that this Judgment may be made public for purposes of enforcement or contempt should Respondent fail or refuse to comply with any terms or conditions as stated herein.

SIGNED this _____ day of _____, 19____.

GRIEVANCE COMMITTEE
DISTRICT NO. 04E
STATE BAR OF TEXAS

BY:_____
Phillip R. Livingston
Chairperson

## CONSENT TO GRIEVANCE COMMITTEE JUDGMENT

In connection with the charges of professional misconduct filed against me and heard by your Committee, I hereby consent to entry of Judgment.

SIGNED this _____ day of _____, 19____.

_____
HAROLD V. DUTTON, JR.
State Bar No.06293050

STATE OF TEXAS              X
                           X
COUNTY OF _____       X

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared **HAROLD V. DUTTON, JR.**, known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that the same was executed for the purposes and considerations therein expressed.

GIVEN UNDER my hand and seal of office this _____ day of _____, 19____.

_____
Notary Public in and for
the State of Texas

_____3/26/2002_____
My Commission Expires

_____Zenobia D. Garner_____
Printed Name of Notary

Agreed Judgment of Private Reprimand
H0059818327 Williams - Dutton
G:\2DUTT327.JUD

Page 4

BEFORE THE GRIEVANCE COMMITTEE FOR THE STATE BAR
DISTRICT NO.04E, THE STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMPLAINT AGAINST | X | |
| | X | |
| HAROLD V. DUTTON, JR. | X | NO. H0059818327 |
| | X | |
| HOUSTON, TEXAS | X | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A complaint was docketed by the Grievance Committee for State
Bar District No.04E, STATE BAR OF TEXAS, against **HAROLD V. DUTTON,
JR.**, Texas Bar Number 06293050, (hereinafter called "Respondent")
a licensed attorney and member of the STATE BAR OF TEXAS, residing or
maintaining an office in Houston, Texas, Harris County, by
**WILHEMINA L. WILLIAMS**, (hereinafter called "Complainant"), alleging
certain acts of professional misconduct on the part of the
Respondent which occurred in Harris County, Texas.  A Panel of the
Committee has conducted a hearing on this complaint and having
considered all of the evidence submitted, has on June 24, 1999 made
the following findings of fact and conclusions of law:

I.

### FINDINGS OF FACT

Respondent is an attorney licensed to practice law in Texas
and is a member of the STATE BAR OF TEXAS.

The Chief Disciplinary Counsel of the STATE BAR OF TEXAS has
incurred reasonable attorney fees and direct expenses associated

with the proceedings of this matter, which should be paid by Respondent.

In or around June 1994, Complainant contacted Respondent to obtain an accident report relating to her daughter's fatal accident. Complainant did not enter into a written contract with Respondent and did not orally contract with Respondent to represent her at that time. Thereafter, Respondent obtained $35,000.00 in funds on the case and collected a 40% fee on that sum. The money as for the Complainant's mother's insurance policy that she had on Complainant's deceased daughter.

During the representation, Respondent discussed information about the case with people other than those privileged to such information, thereby violating the attorney-client privilege.

On several occasions the Complainant requested a copy of her file and received no response from Respondent. In January 1997, Complainant received part of her file, but not the entire file as requested. Thereafter, on or around February 25, 1997, Respondent was terminated as Complainant's counsel at which time Complainant again requested her complete file. Respondent failed to provide Complainant a copy of her file and failed to provide a copy to Complainant's new attorney.

Respondent's authority to sign settlement checks was revoked by Complainant in 1997. Thereafter, in March 1998, when Respondent did not have authority to do so, he signed the Complainant's name to settlement checks.

Respondent informed Complainant that the settlement funds referenced above were wired to his account when, in fact, they were not wired to Respondent's account but Respondent deposited the check in his account. Respondent was dishonest in his conduct with Complainant.

A dispute arose over the accounting of the settlement funds. Respondent did not separate the funds in dispute but rather took his fee after it was disputed and charged for expenses after those were disputed also. Respondent failed to render a full accounting of the settlement funds to Complainant.

## II.

### CONCLUSIONS OF LAW

The foregoing findings of fact support a violation of Rule(s) 1.02(a)(1) for failing to abide by a client's decisions concerning the objectives and general methods of representation; 1.04(d) for entering into a contingent fee agreement prohibited by paragraph (e) or other law, and/or failing to enter into a written

contingency fee agreement that states the method by which the fee is to be determined; **1.05(1)(I)** for revealing confidential information of a client or a former client to a person that the client has instructed is not to receive the information; **1.05(1)(ii)** for revealing confidential information of a client or a former client to anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm; **1.14(b)** for failing, upon receiving funds or other property in which a client or third person has an interest, to promptly notify the client or third person and render a full accounting upon request; **1.14(c)** for failing to keep funds or other property in which both the lawyer and another person claim interests separate until there is an accounting and severance of their interests; **1.15(d)** for failing, upon termination of representation, to reasonably protect a client's interests, give notice to the client to seek other counsel, or surrender papers and property which belongs to the client; and **8.04(a)(3)** for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, Article X, Section 9, STATE BAR RULES, effective January 1, 1990.

**SIGNED** this ___18th___ day of ___August___ , 19___96___.

GRIEVANCE COMMITTEE
DISTRICT NO. 04E
STATE BAR OF TEXAS

BY: _____
    **Phillip R. Livingston**
    Chairperson

## CONSENT TO FINDINGS OF FACT AND CONCLUSIONS OF LAW

In connection with the charges of professional misconduct filed against me and heard by your Committee, I hereby acknowledge the entry of Findings of Fact and Conclusions of Law.

SIGNED this _9th_ day of _August_, 19 _99_.

HAROLD V. DUTTON, JR.
State Bar No. 06293050

STATE OF TEXAS      X
                              X
COUNTY OF _Harris_     X

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared **HAROLD V. DUTTON, JR.**, known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that he executed same for the purposes and considerations therein expressed.

GIVEN UNDER my hand and seal of office this _19th_ day of _August_, 19 _99_.

Zenobia D. Garner
Notary Public in and for the
State of Texas

_3/26/2002_
My commission expires

_Zenobia D. Garner_
Printed name of Notary